**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| JASON NEACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cv-03904 |
| | ) | Judge Kapala |
| ALLEN LEWIS & ASSOCIATES, | ) | Magistrate Judge Mahoney |
| | ) | |
| Defendant. | ) | |

## MOTION TO ENTER JUDGMENT

COMES NOW the Plaintiff, JASON NEACE ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's motion to enter judgment against Defendant, ALLEN LEWIS & ASSOCIATES ("Defendant"), for failure to comply with the terms of settlement, Plaintiff states as follows:

1. On or about June 29, 2009, Plaintiff filed his Complaint against Defendant alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. ("FDCPA").

2. On October 6, 2009, prior to filing any answer to Plaintiff's Complaint, Defendant, through Richard R. Kuritz ("Kuritz"), and Plaintiff, reached the settlement of this matter, which was outlined and confirmed via email correspondence from Plaintiff to Defendant on October 6, 2009. *See* settlement confirmation email as Exhibit A hereto.

3. Pursuant to the terms of the settlement, the settlement funds were to be received within "30 days from today's date" or by November 6, 2009. Additionally, Defendant was to provide the proposed settlement documents, or a release, within seven (7) days, or by October 13, 2009. *See* Exhibit A.

4. On October 26, 2009, Plaintiff's counsel contacted Kuritz as Defendant had yet to

send a proposed release. Plaintiff followed up on October 28, 2009.

5. On October 29, 2009, Kuritz replied to Plaintiff's email implying it was Plaintiff's responsibility to draft the release despite the plain language of the terms of the agreement. *See* Exhibit A. Plaintiff immediately responded and corrected Defendant's error.

6. Kuritz responded to Plaintiff on November 10, 2009, and stated that he would "get the documents together for you as soon as I can." Plaintiff reminded Kuritz that the settlement funds were also late. Kuritz stated that he would "find out status."

7. Plaintiff was forced to file a Motion to Extend the date to dismiss this matter as Plaintiff was without a draft of the release or the settlement funds.

8. On December 4, 2009 Plaintiff again followed up with Kuritz and reminded him that the settlement check was nearly one (1) month past due and that Plaintiff would file a motion to enforce the settlement and seek additional fees as sanctions.

9. On December 9, 2009, Plaintiff filed a motion to enforce the settlement of this matter. (Docket No. 19).[1]

10. Subsequent to Plaintiff's motion, Defendant attempted alter material terms of the agreement, specifically, the amount and manner in which payment of the settlement would be made. Defendant not only attempted to pay less in four (4) separate installments (which was *never* discussed between the parties), but also attempted to issue its installment checks to cover this case along with a separate case filed in the Eastern Division of the Northern District of Illinois.

11. Defendant has not acted in good faith during the settlement of this present matter as Defendant, as evidenced by Defendant's failure to timely comply with the terms of the settlement and its attempts to alter material terms of the agreement.

12. Further, the Seventh Circuit has acknowledged that this District Court has an inherent power that "is a residual authority, to be exercised sparingly, to punish misconduct (1) occurring in the litigation itself, not in the events giving rise to the litigation (for then the punishment would be a product of substantive law-designed, for example, to deter breaches of contract), and (2) not adequately dealt with by other rules." *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Company, Inc.*, 313 F.3d 385, 391 (7th Cir. 2002).

13. Defendant's conduct warrants the use of this court's power and authority to in order to punish Defendant's misconduct in the present matter as the Defendant has and blatantly disregarded and failed to comply with the terms of the settlement.

WHEREFORE, Plaintiff prays this Honorable Court enter Judgment in favor of Plaintiff and against Defendant in the amount of $4,320.00, plus an additional amount of $200.00 to compensate Plaintiff for additional attorneys' fees incurred for Defendant's failure to consummate settlement.

RESPECTFULLY SUBMITTED,

By: /s/ Adam T. Hill
Adam J. Krohn
Adam T. Hill
KROHN & MOSS, LTD.
120 W. Madison St., 10th Fl.
Chicago, IL 60602
(312) 578-9428
(866) 802-0021 (fax)
Attorney for Plaintiff

---

[1] Plaintiff subsequently withdrew his Motion to Enforce in light of anticipating the filing of this motion for judgment.

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing was served upon Defendant, Mr. Richard R. Kuritz, 200 E. Forsyth St., Jacksonville, FL 32202, via US Mail and electronic mail (jaxlaw1999@aol.com) on February 1, 2010.

                                                  By: /s/ Adam T. Hill_____
                                                               Adam T. Hill

**EXHIBIT A**

# Hill, Adam

**From:** Hill, Adam
**Sent:** Tuesday, October 06, 2009 3:45 PM
**To:** 'jaxlaw1999@aol.com'
**Cc:** Krohn, Adam; Kim, Jaqueline; Kim, Julie
**Subject:** Settlements - (IL0992F09AC) Jason Neace v. Allen Lewis & Associates; (IL0993F09AC) Susan Neace v. Allen Lewis & Associates

Mr. Kuritz-

Per your correspondence with Adam Krohn, I am writing to confirm that we settled the above referenced cases based on the following terms:

Jason Neace v. Allen Lewis & Associates for $4320 as follows:

1. My client will receive $1,000.00 as statutory damages under the FDCPA;
2. K&M will receive $3,320.00 in fees and costs;
3. Defendant will close the account, cease all further collection activities, and will request a removal of any negative trade-line entries it provided to the credit agencies (if applicable);
4. We will prepare and file the notice of settlement;
5. We will prepare and file the dismissal order after we confirm receipt of the settlement checks;
6. You will provide two separate checks: one for us and one for our client (our Tax ID is 364065555);
7. You will prepare and e-mail me the proposed settlement documents within 7 days; and
8. We will receive payment within 30 days from today's date.



Thank you for quickly settling these matters. If you have any questions, or if this is not your understanding of the agreement, please call me.

Sincerely,

**Adam T. Hill \***
**Attorney at Law**
**Krohn & Moss, Ltd**
**(312) 578-9428 ext 242 (office)**

12/9/2009